**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **PACKAGING GRAPHICS LLC, and JOHN A. DENSON** Plaintiffs, | ) | |
| **v.** | ) | **CASE NO: 06-230-ML** |
| **ROHRER CORPORATION, AND JOHN P. ROHRER** Defendants | ) | |

**DEFENDANTS ROHRER CORPORATION AND JOHN P. ROHRER'S MOTION TO DISMISS UNDER RULE 12(b)(6)**

Pursuant to Federal Rule 12(b)(6), Defendants Rohrer Corporation and John P. Rohrer move the Court to dismiss Plaintiffs Packaging Graphics LLC and John Denson's Verified Complaint. The basis for this motion is set forth more fully in the attached memorandum in support, which is being filed contemporaneously with and is incorporated by reference in this motion.

Respectfully submitted,
Defendants, Rohrer Corp. and John Rohrer
By their attorneys

Daniel K. Kinder /GHR

Daniel K. Kinder (2151)
dkinder@lmkbw.com
George H. Rinaldi (5599)
grinaldi@lmkbw.com
**LITTLE MEDEIROS KINDER BULMAN & WHITNEY PC**
72 Pine Street
Providence, R.I. 02903
Telephone: (401) 272-8080
Fax: (401) 272-8195

Thomas J. Wiencek
(Motion for admission pro-hac vice to be filed)
twiencek@brouse.com
Hans A. Nilges
(Motion for admission pro-hac vice to be filed)
hnilges@brouse.com
**BROUSE McDOWELL**
388 South Main Street, Suite 500
Akron, Ohio 44311-4407
Ph: (330) 535-5711
Fax: (330) 253-8601

Dated: May 22, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2006, a copy of Defendants Rohrer Corporation and John P. Rohrer's Motion to Dismiss was sent via regular mail, postage prepaid to the following:

Charles S. Beal, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, R.I. 02903

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **PACKAGING GRAPHICS LLC, and JOHN A. DENSON** Plaintiffs, | ) | |
| v. | ) | **CASE NO: 06-230-ML** |
| **ROHRER CORPORATION, AND JOHN P. ROHRER** Defendants | ) | |

**DEFENDANTS ROHRER CORPORATION AND JOHN P. ROHRER'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(b)(6)**

Defendants Rohrer Corporation and John Rohrer respectfully submit this memorandum of law in support of their Motion to Dismiss Under Rule 12(b)(6).

## I. INTRODUCTION.

Plaintiffs' lawsuit is in retaliation for Defendants Rohrer Corporation and John Rohrer's letter to *their customers* informing them that the United States District Court for the Northern District of Ohio approved an Order enforcing the terms of Denson's restrictive covenant with Rohrer. Plaintiffs cannot present any facts showing that the statements contained in the letter are libelous as a matter of law. Indeed, the basis for every statement in the letter (i.e. the litigation in Ohio) was disclosed and is a matter of public record.

The defamation claim as to Packaging Graphics must also fail because the letter only discussed Denson's restrictions and activities. Packaging Graphics is only mentioned once in the letter and is simply identified as Denson's current employer. Accordingly, the statements in the letter were not directed to or concerning Packaging Graphics.

Likewise, Plaintiffs cannot present any facts that would support their tortious interference claim because Defendants were simply asserting their privileged right to protect their legitimate financial interests. Plaintiffs cannot establish that Defendants used improper means to do so.

Finally, Plaintiffs cannot make out an "unfair competition" claim because, under the facts alleged in this case, *no such distinct cause of action exists under Rhode Island statutory or common law.*

For these reasons, this Court must dismiss all claims asserted in this lawsuit under Rule 12(b)(6).

## II. STATEMENT OF FACTS.

Defendant Rohrer Corporation is an Ohio corporation engaged in the business of selling packaging products. (Complaint, ¶ 5, 13). Rohrer's Chief Executive Officer and Chairman of the Board is Defendant John Rohrer, an Ohio resident. (*Id.* at ¶¶ 5, 6).

Plaintiff Packaging Graphics, LLC is one of Rohrer's competitors, and is a Rhode Island limited liability corporation. (*Id.* at ¶3). Recently, Packaging Graphics hired an ex-Rohrer employee, Plaintiff John Denson, a resident of Connecticut. (*Id.* at ¶ 4).

While working with Rohrer as a sales representative, Denson entered into an Employment Agreement, which contained a restrictive covenant. (*Id.* at ¶ 10). A copy of that Employment Agreement is attached to Plaintiffs' Complaint as Exhibit A. Pursuant to that restrictive covenant, Denson agreed for a period of two years after terminating his employment with Rohrer, that he would not engage in certain competitive activities:

> [T]he Employee covenants and agrees that for a period of two years after the termination of his employment whether by termination of this or any successor Agreement, by wrongful discharge, voluntary termination, or otherwise, the Employee shall not, directly or indirectly, within the existing marketing area of the Company, engage, alone or as an officer, employee, partner, agent, joint venture, director, or shareholder, in the solicitation of any entity with whom [Rohrer] has done business within the two (2) year period immediately preceding

> the termination of the Employee's employment, for the purpose of making sales of skin or blister packaging cards, to that entity, regardless of whether such entity has been personally contacted in the past by the Employee.

(*Id.* at ¶ 11).

In the spring of 2005, Denson quit his employment with Rohrer, and subsequently began working with Packaging Graphics as a sales representative. (*Id.* at ¶¶ 12, 14). On March 31, 2006, Rohrer sued both Denson and Packaging Graphics in an Ohio court, asserting Denson violated the restrictive covenant contained in his Employment Agreement and that both Denson and Packaging Graphics misappropriated Rohrer's confidential and trade secret information. (*Id.* at ¶15). Before the Ohio state court had journalized an order granting Rohrer's motion for a temporary restraining order enforcing the covenant above against Denson and Packaging Graphics, Plaintiffs removed the matter to an Ohio federal court. The parties ultimately agreed to a stipulated Order enforcing the covenant against Denson. (*Id.* at ¶¶ 17, 18). The rest of the lawsuit is still in progress. (*Id.*).

On May 1, 2006, John Rohrer informed some of Rohrer's customers of the Ohio lawsuit, which is public record. (*Id.* at ¶¶ 19). John Rohrer wrote a letter to these customers providing the language of the Ohio Court's Order. (May 1, 2006 Letter, attached as Exhibit B to the Verified Complaint). In that letter, Packaging Graphics is mentioned only once: "Recently, [Denson] joined Packaging Graphics, LLC in Pawtucket, Rhode Island." It is this May 1, 2006 letter that is the center of this Rhode Island litigation and is the sole basis for the Plaintiffs' claims.

## III. LAW AND ARGUMENT.

**A. Standard of Review.** Under a Rule 12(b)(6) motion to dismiss, a court should accept the complaint as true and make only reasonable inferences in favor of the plaintiff.

*Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988). This does not mean, however, "that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." *U.S. v. Avx Corp*, 962 F.2d 10, 115 (1st Cir. 1992). Thus, the Court should exempt those "facts" that are simply bald assertions and unsupportable conclusions. *Gooley*, 851 F.2d at 514. Dismissal of the Plaintiffs' claims under Rule 12(b)(6) is appropriate if they can prove no set of facts that could support their claims as a matter of law. *Id.*

**B. Plaintiff's Defamation Claims Fail as a Matter of Law.** Plaintiffs can present no set of facts that would establish their burden regarding the following elements of their defamation claims: (1) that the statements are libel *per se*; (2) that the statements are libel *per quod*; or, (3) that the statements were unprivileged. *Swerdlick v. Koch*, 721 A.2d 849, 861 (R.I. 1998). Further, the Plaintiffs cannot meet their burden to show that the statements were "of or concerning" Packaging Graphics. *Id.*

**1. The Statements in the Letter do not Constitute Libel *Per Se* as a Matter of Law.** In order for the Defendants' statements to be considered libel *per se* under Rhode Island law they must impute one of the following to the Plaintiffs: (1) insolvency; (2) financial embarrassment; (3) unworthiness of credit; or (3) failure in business. *Id.* (stating "For statements to qualify as libel per se, the publication must impute insolvency, financial embarrassment, unworthiness of credit, or failure in business to a plaintiff….") Here, the Plaintiffs do not complain that the Defendants impugned their financial viability, creditworthiness, or lack of business success. Instead, they complain that Defendants have misconstrued the scope of the Ohio court's order and the scope of Denson's restrictive covenant. Since the statements in the letter, under any possible construction, do not fall into any of the libel *per se* categories, they cannot constitute libel *per* se as a matter of law. *Id.* (holding that

defendant's statements regarding plaintiff's alleged failure to pay business taxes were not libel *per se* because they did not involve any of the above stated categories).

2. **The Statements in the Letter are not Libel *Per Quod* as a Matter of Law.** The statements contained in the letter can only be considered libelous *per quod* if they can possibly be construed as: (1) injuriously affecting the Plaintiffs' reputations; (2) "degrading" them in "society"; or (3) bringing them into "public hatred and contempt." *Alves v. Hometown Newspapers, Inc.*, 857 A.2d 743, 750-751 (R.I. 2004). Whether a statement is libelous is a purely legal issue to be decided by the Court. *Id.* In making this decision, the entire context of the statements in the letter must be considered. *Id.* The "decisive inquiry" is what a reasonable person would have understood to be the intended meaning expressed by the allegedly defamatory statements. *Koch*, 721 A.2d at 859-860.

The Defendants', through the letter, simply articulated their position that Denson breached his agreement with Rohrer. And, in conjunction with providing the actual text of the temporary restraining order approved by the Northern District of Ohio, offered their construction of that order. The Plaintiffs claim these statements are libelous.

Courts, however, have held that a statement simply accusing a person of a breach of contract is not capable of a defamatory meaning as a matter of law. *Kent v. American Tenant Screen, Inc.*, No. Civ. S 97-2838 (D. Maryland 1997)(stating "The…letter…simply accuses [the plaintiff] of breach of contract. Under all the circumstances, the Court concludes as a matter of law this statement is not capable of a defamatory meaning). Further, because all of the statements made by the Plaintiffs were made in express reference to the Ohio court's order, a reasonable person could not ascribe any degrading or injurious implication to those statements that was not already in place due to the Court's independent prior actions.

Accordingly, the statements in the letter, under any set of facts, are not capable of a defamatory construction as a matter of law.

**3. The Letter Contains Only Privileged Opinion Statements Regarding Matters of Public Record.** Under Rhode Island law, a statement in the form of an opinion can only be defamatory if it alleges there are undisclosed facts that form the basis of the expressed opinion. *Cullen v. Auclair*, 809 A.2d 1107, 1110 (R.I. 2002). If the facts underlying the expressed opinion are disclosed, or are a matter of public record, however, the expressed opinion is privileged as a matter of law, even if it is unjustified or intentionally dishonest. *Id.* at 1110-1111. The rationale for this rule is that where such underlying facts are disclosed or known, the reader of an allegedly libelous publication will understand that they are getting the author's interpretation of the facts presented. *Id.* at 1110. Accordingly, the recipients of the communication will not construe the statement as insinuating the existence of additional undisclosed defamatory facts. *Id.* This rule is consistent with the principle that, under the First Amendment to the United States Constitution, there is no such thing as a false idea. *Id.*

The Supreme Court of Rhode Island applied this rule in *Cullen*, where the defendant made a number of published statements accusing the plaintiff of, *inter alia*, screaming and acting like an irrational "crazed person" and creating a hostile environment at a town council meeting that caused the defendant to fear for his children's safety. *Id.* at 1109. In making these statements, the plaintiff disclosed the fact that the alleged behavior took place at a public meeting. *Id.* at 1111. Accordingly, because the basis for the statements was revealed, the court determined that it would be irrational for a reasonable person to conclude that the defendant was claiming to be expressing objectively verifiable facts, as opposed to subjective opinions. Thus, the defamation claim failed as a matter of law. *Id.*

Similarly, in making the allegedly defamatory statements in the letter at issue here, the Defendants revealed the basis for their opinions, which was the dispute between the parties that resulted in the Ohio litigation and a consent restraining order being entered. They even went so far as to provide the actual text of the Ohio court's order. And, they made it clear that the parties' dispute regarding Denson's alleged breaches of contract was the subject of continuing litigation:

> [T]he parties are currently in litigation about the commercial reality of whether Mr. Denson's restriction regarding the sale of skin or blister packaging cards logically extends to the sales of plastic products, including blisters, clamshells, and other thermoform products.

(May 1, 2006 Letter). Under these circumstances, it is clear to any reader of the letter that the Defendants were simply articulating subjective opinions, as opposed to implying they were making objective statements of fact. Further, the underlying facts and allegations supporting (or disproving) Defendants' statements, as well as Plaintiffs' positions in opposition, are a matter of verifiable public record.

The Defendants' statements in the letter, therefore, even if they are unjustified and dishonest, as the Plaintiffs claim, were privileged opinion statements and the Plaintiffs' defamation claims must fail as a matter of law. *Cullen*, 809 A.2d at 1110-1111.

**4. The Statements in the Letter are not "Of and Concerning" Packaging Graphics.** In order to satisfy the "of and concerning" element of its defamation claim, Packaging Graphics must show that the statements in the letter apply to it. *Budget Termite & Pest Control, Inc. v. Bousquet*, 811 A.2d 1169, 1172 (R.I. 2002). Because the letter relates only to Denson, Packaging Graphics' defamation claim must be dismissed as a matter of law. *Id.*

Packaging Graphics is only mentioned in the letter once, when it is simply identified as Denson's current employer. None of the statements that Packaging Graphics claims are

defamatory relate to it, but instead involve only Denson's breaches of contract and the restrictions placed on him by the Ohio court's restraining order. Plaintiffs never state, by implication or otherwise, that Packaging Graphics itself ever breached any obligation to Rohrer or is in any manner individually restrained by the Ohio court's order.

Because the letter addresses only Denson's actions and restrictions, Packaging Graphics cannot meet the "of and concerning" element as a matter of law and its defamation claim therefore must be dismissed.

### C. **Plaintiffs' Tortious Interference with Business Relations Claims Fail as a Matter of Law Because Defendants' Merely Asserted Their Privileged Right to Protect Their Financial Interests Through Proper Means.**

In order for the Plaintiffs to satisfy the "intentional interference" element of their Tortious Interference with Business Relations claim, they must prove that the Defendants were unjustified in sending the letter. *Feinstein v. Brown*, C.A. No. 03-436 S, 2006 WL 1302199 at *8 (D.R.I May 11, 2006)(finding defendant was justified in sending allegedly defamatory letter where he did so to protect his financial interests.) The Rhode Island Supreme Court has held that a defendant's alleged intentional interference with the business relations of a competitor is justified where the interfering actions were taken to protect the defendant's own financial interests:

> Even if one intentionally causes a third person to abstain from entering into a contractual relations with another, such interference is not improper if one has a financial interest in the business of the third person and merely acts to protect that interest from being prejudiced by the relation without employing wrongful means.

*Federal Auto Body Works, Inc. v. Aetna Casualty & Surety, Co.*, 447 A.2d 377, 379-380 (R.I. 1982); *See also*, *Moran v. Norrell Health Care, Inc.*, No. PC 89-4262, 1993 WL 853960 (R.I. Super. 1993).

Here, by sending the letter to their own customers, Defendants were merely acting to protect their own legitimate financial interests from further illegal interference by Denson. This purpose was expressly announced by the Defendants in the letter. (May 1 Letter)(stating "[W]e cannot ignore such a direct threat to our business from someone who possesses valuable and confidential information about us that would otherwise enable him to compete unfairly.") Accordingly, the Defendants were privileged in writing the letter to their customers to inform them of the status of the Ohio litigation and the existence of the restraining order.

Further, Defendants did not use improper means in the exercise of this privilege. Plaintiffs will argue, however, that the letter contained misrepresentations and defamatory statements. To establish that these alleged actions constitute "wrongful means", however, Plaintiffs must prove each of the elements of those torts. *See,* Restatement (Second) of Torts §767, cmt. C. (1979); *See also, Ary Jewelers, LLC v. IBJTC Busienss Credit Corp.*, 414 F.Supp.2d 90, 94 (D. Mass. 2006); *Slip-N-Slide Records v. TVT Records, LLC*, C.A. No. 05-21113-CV-JORDAN (S.D. Fla.).

As is discussed in detail above, Plaintiffs cannot meet their burdens with regard to their defamation claims as a matter of law. Likewise, Plaintiffs cannot establish the justifiable reliance element of the tort of misrepresentation as a matter of law. That element requires that Plaintiffs offer facts that demonstrate that a reasonable person would be justified, when taken in context of the whole letter, in relying exclusively on the Defendants' statements to their detriment. *Francis f. American Bankders Life Assurance Company of Florida*, 861 A.2d 1040, 1046 (R.I. 2004). No set of facts can support this element in this case.

Even assuming the statements Defendants made in the letter regarding the Ohio court's order were false, which must be done for the purposes of this motion only, reliance on those

statements is not justifiable because the complete text of the temporary restraining order was provided to each of Rohrer's customers. Further, the order and the proceedings in the Ohio litigation are a matter of public record. Accordingly, a simple review of the actual text of the temporary restraining order, which was provided, and the public court documents, would confirm or disprove any of the statements made in the letter by the Defendants.

Further, the letter expressly indicated that both the Defendants' position as to the scope of the agreement, and Denson's breach thereof, were disputed by the Plaintiffs and was the subject of current litigation. Accordingly, it was clear to Rohrer's customers that the Defendants were simply articulating Rohrer's position as to the scope of Denson's restrictive covenant.

Because Rohrer made it clear that this position was disputed, it would not be justifiable for Rohrer's customers to rely solely on that expression of opinion. Understanding this dispute, Rohrer's customers may make up their mind, reading the text of the temporary restraining order and the other public documents filed in the Ohio case, including Denson' s employment agreement, for themselves to determine whether that position has merit.

This fact makes the unreported Florida case of *Slip-N-Slide Records, Inc. v. TVT Records, LLC*, involving a dispute between rival rap-music entertainers, cited by the Defendants, easily distinguishable. In that case, defendant TVT, a rap-music record company, sent out cease-and-desist letters that threatened legal action against anyone that did business with plaintiffs Slip-N-Slide, a rival record company, and Pitbull, a Slip-in-Slide rap-artist. It did so knowing that it never had a contract with Slip-N-Slide and that its contract with Pitbull was not executed until after the recordings in dispute were produced. Regardless, it accused the plaintiffs of violating existing contractual obligations. Unlike here, however, where the Defendants provided the actual text of the order to which it referred, and referred to public records that can substantiate or

disprove the Defendants assertions, TVT did not provide the text of the agreements allegedly breached. Accordingly, the recipients of the cease-and-desist letters were left to rely only on TVT's representations.

This case is further distinguishable by the fact that Defendants' letter in this case was *not a cease and desist letter*. Whereas TVT threatened legal action in exchange for doing business with its competitors, Defendants merely educated its own customers that Denson was prohibited from contacting them for certain purposes. It never threatened legal action against its customers if they did business with either Packaging Graphics or Denson. For these reasons, *Slip-N-Slide* is inapposite and should not be relied upon by this Court.

Because the Defendants had a privilege to protect their financial interests by sending the letter, and it did not use improper means in doing so, Plaintiffs' tortious interference claims fail as a matter of law.

**D. Plaintiffs' "Unfair Competition" Claims Fail as a Matter of Law.** In Count III of the Verified Complaint, Plaintiffs allege a cause of action entitled "Unfair Competition". After a thorough review of reported and unreported Rhode Island state and federal cases, Defendants' counsel have located no authority that would even suggest Rhode Island has adopted a distinct tort for "unfair competition" that could arguably be applied to the facts of this case. Likewise, after a similar review, no potential statutory basis for such a cause of action arguably applicable to the facts of this case was located. The only causes of action in Rhode Island referred to as "unfair competition" are a common-law remedy for trademark violations and common law and statutory remedies for misappropriation of trade secrets. *See, e.g.*, *Pharmacy Services, Inc. v. Swarovski North America Limited*, C.A. No. 04-72-T, 2006 WL 753055 (D.R.I. 2006)(observing that tort of "unfair competition" is essentially a common law

trade mark claim and stating plaintiff's claims, which were based on alleged unfair practices designed at diverting plaintiff's customers, were "based on a fundamental misunderstanding of what constitutes 'unfair competition' under Rhode Island law"; *see also*, *Colannino v. Iaciofano*, No. 04-0922, 2005 WL 372254 (R.I. Super. Feb. 3, 2005)(common law trademark case); *Baris v. Steinlage*, No. C.A. 99-1302, 2003 WL 23195568 (R.I. Super. Dec. 12, 2003)(trade secret case).

Plaintiffs have therefore apparently alleged a cause of action for which there is absolutely no factual basis or legal basis under Rhode Island law. This seems to be confirmed by the fact that Plaintiffs failed to even address the "Unfair Competition" cause of action set forth in Count III in their Motion for Preliminary Injunction. Accordingly, because a distinct cause of action for "Unfair Competition" does not exist under Rhode Island law, except as a remedy for trademark or trade secret violations, the claim asserted in Count III must be dismissed under Rule 12(b)(6) or, at least, clarified under Rule 12(e).

## IV. CONCLUSION

Plaintiffs' claims must be dismissed under Rule 12(b)(6) for the following reasons:

1. The statements in Defendants' letter: (a) do not constitute either libel *per se* or *per quod* as a matter of law; (b) were privileged opinion statements regarding matters of public record that were disclosed to the recipients of every letter; and (c) only related to Denson and were not directed at Packaging Graphics;

2. The Defendants were privileged in sending the letters so that they could protect their legitimate financial interests; and

3. No cause action for "unfair competition", as it is described by the Plaintiffs in the Verified Complaint, exists under Rhode Island law.

Respectfully submitted,
Defendants, Rohrer Corp. and John Rohrer
By their attorneys

/s/ Daniel K. Kinder /GHR

Daniel K. Kinder (2151)
dkinder@lmkbw.com
George H. Rinaldi (5599)
grinaldi@lmkbw.com
**LITTLE MEDEIROS KINDER BULMAN & WHITNEY PC**
72 Pine Street
Providence, R.I. 02903
Telephone: (401) 272-8080
Fax: (401) 272-8195

Thomas J. Wiencek
(Motion for admission pro-hac vice to be filed)
twiencek@brouse.com
Hans A. Nilges
(Motion for admission pro-hac vice to be filed)
hnilges@brouse.com
**BROUSE McDOWELL**
388 South Main Street, Suite 500
Akron, Ohio 44311-4407
Ph: (330) 535-5711
Fax: (330) 253-8601

Dated: May 22, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2006, a copy of Defendants Rohrer Corporation and John P. Rohrer's Memorandum of Law in Support of their Motion to Dismiss was sent via regular mail, postage prepaid to the following:

Charles S. Beal, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, R.I. 02903