**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **PACKAGING GRAPHICS LLC,** | ) | |
| **and JOHN A. DENSON** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO: 06-230-ML** |
| | ) | |
| **ROHRER CORPORATION, AND** | ) | |
| **JOHN P. ROHRER** | ) | |
| **Defendants** | | |

**DEFENDANTS ROHRER CORPORATION AND JOHN ROHRER'S MOTION TO CHANGE VENUE UNDER 28 U.S.C. § 1404(a)**

Defendants, Rohrer Corporation and John P. Rohrer respectfully move this Court to transfer this case to the United States District Court for the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. §1404(a). A Memorandum in Support is attached to this motion setting forth the full legal arguments and authorities supporting this motion.

Respectfully submitted,
Defendants, Rohrer Corp. and John Rohrer
By their attorneys

Daniel K. Kinder /GHR

Daniel K. Kinder (2151)
dkinder@lmkbw.com
George H. Rinaldi (5599)
grinaldi@lmkbw.com
**LITTLE MEDEIROS KINDER BULMAN & WHITNEY PC**
72 Pine Street
Providence, R.I. 02903
Telephone: (401) 272-8080
Fax: (401) 272-8195

Thomas J. Wiencek
(Motion for admission pro-hac vice pending)
twiencek@brouse.com
Hans A. Nilges
(Motion for admission pro-hac vice pending)
hnilges@brouse.com
**BROUSE McDOWELL**
388 South Main Street, Suite 500
Akron, Ohio 44311-4407
Ph: (330) 535-5711
Fax: (330) 253-8601

Dated: May 22, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2006, a copy of the foregoing was sent via regular mail, postage prepaid to the following:

Charles S. Beal, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, R.I. 02903

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **PACKAGING GRAPHICS LLC, and JOHN A. DENSON** <br> **Plaintiffs,** | ) | |
| **v.** | ) | **CASE NO: 06-230-ML** |
| **ROHRER CORPORATION, AND JOHN P. ROHRER** <br> **Defendants** | ) | |

**DEFENDANTS ROHRER CORPORATION AND JOHN ROHRER'S MEMORANDUM IN SUPPORT OF MOTION TO CHANGE VENUE UNDER 28 U.S.C. § 1404(a)**

Defendants Rohrer Corporation and John Rohrer respectfully submit this memorandum in support of their Motion to Change Venue Under 28 U.S.C. §1404(a).

## I. INTRODUCTION

This case only involves questions of fact and law that are substantially related to the matters already being addressed by the United States District Court for the Northern District of Ohio, Eastern Division, in a litigation filed on March 31, 2006 by the Defendants. This case should be transferred and consolidated with that case under Rule 42(a) of the Federal Rules of Civil Procedure because: (1) it will further the interests of judicial economy; (2) Defendants' claims in the Ohio litigation were filed first and should be given deference; and (3) the key witnesses in this litigation are located in Ohio.

## II. MATERIAL FACTS

On March 31, 2006, Defendant Rohrer Corporation sued Plaintiffs in an Ohio state court asserting that Denson violated the restrictive covenant contained in his employment agreement, and that both Plaintiffs misappropriated Rohrer's confidential and trade secret information. (Complaint at ¶15). Before that court could journalize an order granting Rohrer's motion for a temporary restraining order against the Plaintiffs,

the Plaintiffs removed the matter to federal court. (*Id.*). The parties ultimately agreed to a stipulated Order enforcing Denson's restrictive covenant. (*Id.* at ¶¶17, 18). That lawsuit, including the issues regarding whether Denson breached his agreement, and the scope of the covenant contained in that agreement, is still in progress. (*Id.*).

Almost two months later, Plaintiffs instituted the instant action alleging that, in a letter that Defendants sent to their own customers, the Defendants defamed the Plaintiffs and tortiously interfered with the Plaintiffs' business. (*Id.* at ¶¶19-27). The sole basis of these asserted caused of action are allegedly false statements that Defendants made in the letter regarding both Denson's breach of contract and the scope of the restrictive covenant contained in Denson's employment agreement. (*Id.*).

## III. LAW AND ARGUMENT

### A. This Case Should Be Transferred to the United States District Court for the Northern District of Ohio, Eastern Division.

Under 28 U.S.C. § 1404(a), a court may transfer any civil action to any other district where it may have been brought "for the convenience of parties and witnesses, and in the interest of justice." *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). Courts must also consider the availability of documents, the possibility of consolidation, and the order in which the district court obtained jurisdiction in deciding a motion to change venue. *Id.*

This case is ripe for transfer for several reasons. First, under Rule 42(a), both cases can be consolidated into one case, which will further the interests of judicial economy. Second, the action filed in Ohio was filed first, and should therefore be given deference. Third, Ohio is a more convenient location than Rhode Island for the key witnesses in this case.

### 1. This Case Should Be Consolidated with the Ohio Litigation to Promote Judicial Economy.

Consolidating this case with the Ohio litigation can be accomplished under Rule 42(a). Doing so will further the interests of judicial economy. Rule 42(a) dictates that different actions will be consolidated if there are common questions of law or fact involved in both cases. *Fed. R. Civ. P. 42(a)*. These circumstances exist here.

The Ohio action primarily revolves around the construction of Denson's employment contract. (Complaint ¶ 15). Specifically, it involves an interpretation of the non-solicitation clause in that agreement. (*Id.*). Similarly, while the action brought by Denson and Packaging Graphics relies on a letter sent out by John Rohrer, the underlying causes of action require an interpretation of the scope of Denson's employment agreement. (*Id.* at ¶19-27). For example, if the employment contract is read to prohibit Denson's behavior in contacting Rohrer's customers, Defendants' statement that Denson "began calling on our customers, in direct violation of his agreement…" would unquestionably be true. (*Id.* at ¶21). Thus, the Plaintiffs' defamation claims will fail as a matter of law.

Because the Defendants' defenses to the Plaintiffs' claims in this case hinge on the same legal and factual interpretations of Denson's employment contract that are currently being undertaken in the Ohio litigation, there are sufficient common questions of law or fact to provide a basis for consolidation under Rule 42(a). Doing so will promote the interests of judicial economy, which is an important factor in determining whether to transfer a case under §1404(a). *See, Continental Grain Co. v. the FBL*, 364 U.S. 19, 26 (1960)(stating the interests of justice are served by avoiding multiple suits stemming from a single transaction.) Indeed, to allow two cases that involve the same

issues to be litigated simultaneously in different courts is in direct contravention of the purposes behind § 1404(a). *Id.*

Because this case can be consolidated with the Ohio litigation, and doing so furthers the interests of judicial economy, which is a primary reason for the existence of §1404(a), this case must be transferred.

2. **The Ohio Litigation Was Filed First.**

The First Circuit has held that, where actions concerning the same issues are proceeding concurrently in two federal courts, the first filed action is given deference. *Coady*, 223 F.3d at 11. Here, the first action filed was the Ohio litigation, which was promptly removed by the Plaintiffs to federal court. (Complaint ¶ 15). It was not until months later that a complaint was filed in Rhode Island by the Plaintiffs.

Rohrer, as the original plaintiff, should be given deference in its choice of forum. *See, e.g., Coady* at 11. To allow otherwise would create litigation over the same central issues (i.e. the scope Denson's restrictive covenant and whether he violated his employment agreement) in two different regions of the country.

3. **Transferring this Case to Ohio will be More Convenient to Key Witnesses.**

Ohio is a more convenient location for key witnesses than Rhode Island. An analysis of this factor requires the identification of the key witnesses. *Brian Jackson & Co. v. Eximias Pharmaceutical Corp.*, 248 F.Supp.2d 31, 38 (D.R.I. 2003). The main focus of this analysis is on the quality of testimony to be provided by witnesses. *Id.*

Here, the Ohio witnesses will provide more substantive testimony than the Rhode Island witnesses. The Ohio witnesses will include John Rohrer, the author of the allegedly defamatory letter, and other staff located at Rohrer's Wadsworth, Ohio headquarters. (Complaint ¶ 6). The Rhode Island witnesses, on the other hand, consist

only of Plaintiff Packaging Graphics and one of Rohrer's customers who received the allegedly defamatory letter, (Complaint ¶ 19). All other witnesses, including Plaintiff Denson, are located outside of either forum.

The Ohio witnesses can provide clear insight into the drafting of the contract, the terms of the contract, and other important issues of interpretation regarding Denson's employment contract. This insight, which will be key in determining the scope of the employment agreement, cannot be duplicated by other witnesses. Further, the Ohio witnesses can provide insight into the business dealings between Denson and Rohrer.

The Rhode Island witnesses, other than Plaintiff Packaging Graphics, however, can only provide testimony concerning whether they in fact actually received a letter from the Defendants. (Complaint ¶¶ 19-23). This point can be easily accomplished through other witnesses. Further, Packaging Graphics, which was not a party to Denson's employment agreement, can provide no insight into the scope of the restrictions contained in that agreement.

The importance of testimony that will be offered by the Ohio witnesses, which cannot be offered by any other source, outweighs that of the witnesses in Rhode Island. Accordingly, Ohio is a more convenient location for those that can provide key insights into this case. Accordingly, the "convenience of the witnesses" factor favors litigation in Ohio.

## IV. CONCLUSION.

This case should be transferred to the United States District Court for the Northern District of Ohio, Eastern Division, for the following reasons:

1. The plaintiffs' claims in this case can be consolidated with the Ohio litigation, thereby serving the interests of judicial economy.

2. The claims asserted by Rohrer in the Ohio litigation were filed first and should be given deference.

3. There are more key witnesses in Ohio who can provide direct insight into important issues, thereby making Ohio a more convenient location for these key witnesses.

Respectfully submitted,
Defendants, Rohrer Corp. and John Rohrer
By their attorneys

/s/ Daniel K. Kinder /GHR

Daniel K. Kinder (2151)
dkinder@lmkbw.com
George H. Rinaldi (5599)
grinaldi@lmkbw.com
**LITTLE MEDEIROS KINDER BULMAN & WHITNEY PC**
72 Pine Street
Providence, R.I. 02903
Telephone: (401) 272-8080
Fax: (401) 272-8195

Thomas J. Wiencek
(Motion for admission pro-hac vice pending)
twiencek@brouse.com
Hans A. Nilges
(Motion for admission pro-hac vice pending)
hnilges@brouse.com
**BROUSE McDOWELL**
388 South Main Street, Suite 500
Akron, Ohio 44311-4407
Ph: (330) 535-5711
Fax: (330) 253-8601

Dated: May 22, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2006, a copy of the foregoing was sent via regular mail to the following:

Charles S. Beal, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, R.I. 02903

Daniel K. Kinder
George H. Rinaldi