**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **PACKAGING GRAPHICS LLC, and** | ) | |
| **JOHN A. DENSON** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO: 06-230-ML** |
| | ) | |
| **ROHRER CORPORATION, AND** | ) | |
| **JOHN P. ROHRER** | ) | |
| **Defendants** | | |

**DEFENDANTS OBJECTION TO PLAINTIFFS' EMERGENCY MOTION FOR EXPEDITED DISCOVERY AND CROSS-MOTION FOR EXPEDITED DISCOVERY**

Pursuant to Local Rules 7 and 9, Defendants Rohrer Corporation and John Rohrer object to the request to be excused from compliance with the Federal Rules of Civil Procedure's discovery rules the Plaintiffs made in their Emergency Motion for Expedited Discovery.

Alternatively, if expedited discovery is granted to the Plaintiffs, Defendants must also be permitted to conduct discovery on an expedited basis. Accordingly, Defendants move this Court for an Order permitting them to conduct discovery on an expedited basis.

The basis for this objection and alternative motion is set forth more fully in the attached memorandum in support, which is being filed contemporaneously with and is incorporated by reference in this motion.

Respectfully submitted,

Defendants, Rohrer Corp. and John Rohrer
By their attorneys

Daniel K. Kinder (2151)
dkinder@lmkbw.com
George H. Rinaldi (5599)
grinaldi@lmkbw.com
**LITTLE MEDEIROS KINDER BULMAN & WHITNEY PC**
72 Pine Street
Providence, R.I. 02903
Telephone: (401) 272-8080
Fax: (401) 272-8195

Thomas J. Wiencek
(Motion for admission pro-hac vice to be filed)
twiencek@brouse.com
Hans A. Nilges
(Motion for admission pro-hac vice to be filed)
hnilges@brouse.com
**BROUSE McDOWELL**
388 South Main Street, Suite 500
Akron, Ohio 44311-4407
Ph: (330) 535-5711
Fax: (330) 253-8601

Dated: May 23, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2006, a copy of the foregoing was sent via regular mail, postage prepaid to the following:

Charles S. Beal, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, R.I. 02903

Daniel K. Kinder

646392.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PACKAGING GRAPHICS LLC, and<br>JOHN A. DENSON<br>Plaintiffs, | ) | |
| v. | ) | CASE NO: 06-230-ML |
| ROHRER CORPORATION, AND<br>JOHN P. ROHRER<br>Defendants | ) | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR EXPEDITED DISCOVERY AND IN SUPPORT OF DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY**

## I. INTRODUCTION

Plaintiffs' request to be excused from compliance with the Federal Rules of Civil Procedure's discovery rules should be denied because: (1) discovery is unnecessary in this case as the Plaintiffs' complaint is subject to dismissal under Rule 12(b)(6) on its face; and, (2) any discovery conducted in this case will be duplicative of discovery that will be conducted in an ongoing Ohio litigation filed by the Defendants. Instead, as is discussed in more detail Defendants' Motion to Dismiss Under Rule 12(b)(6) and Motion to Transfer Under 28 U.S.C. 1404(a), which have been previously filed, this case should either be dismissed or transferred.

Alternatively, if expedited discovery is granted to the Plaintiffs, Defendants must also be permitted to conduct discovery on an expedited basis. Specifically, Plaintiffs should be compelled to respond to written discovery requests within ten (10) days after they are served by the Defendants. Further, Plaintiff John Denson, Nicholas Carafa, President of Plaintiff Packaging Graphics, and Gary Stiffler, President and CEO of MATLET Group, LLC, Packaging Graphics's parent company, as well as potential Rule 30(b)(6) or other witnesses, should all be

compelled to appear for deposition within ten (10) days after Plaintiffs respond to Defendants' written discovery requests.

## II. ARGUMENT

### 1. Discovery is not Needed in this Case Because Plaintiffs' Verified Complaint is Subject to Dismissal Under Rule 12(b)(6).

All of Defendants' claims are subject to dismissal under Rule 12(b)(6) and therefore discovery is unnecessary in this case. The Plaintiffs have asserted causes of action for defamation and tortious interference[1] that are based solely on statements made in letters sent to Defendant Rohrer Corporations' own customers by Defendant John Rohrer. Plaintiffs allege that certain statements made in those letters are defamatory and have tortiously interfered with their business relations. Specifically, Plaintiffs allege that Defendants have exaggerated the scope of both a restrictive covenant contained in Plaintiff John Denson's employment agreement and the scope of the temporary restraining order issued against Denson by the United States District Court for the Northern District of Ohio.

As the Defendants have discussed in detail in their motion to dismiss, even assuming all of the Plaintiffs' allegations are true, their claims fail as a matter of law for various reasons. And, because the allegedly defamatory letter and Denson's employment agreement were attached and incorporated into the Verified Complaint, everything that this Court needs to address Plaintiffs' claims as a matter of law is already before the Court. Discovery of additional evidence is therefore unnecessary and inappropriate.

---

[1] Plaintiffs' also asserted a cause of action entitled "unfair competition", but that cause of action, as described by the Plaintiffs, does not exist under Rhode Island law. *See*, pages 11 and 12 of Defendants' Motion to Dismiss Under Rule 12(b)(6) for a more complete explanation.

2. **<u>This Case Should Be Transferred to Ohio, Where Discovery on Similar Issues Will Be Conducted</u>.**

The issues in this case are substantially related to issues of fact and law already being addressed by the United States District Court for the Northern District of Ohio in an ongoing litigation filed on March 31, 2006 by the Defendants. Accordingly, this case should be transferred and consolidated with that case. Discovery will begin shortly in that case, which will necessarily involve discovery of evidence relevant to Plaintiffs' claims. This Court should therefore defer to the process already under way in the Ohio litigation and therefore avoid a duplication of efforts in both proceedings.

3. **<u>Alternatively, Defendants Must be Permitted to Also Conduct Expedited Discovery</u>.**

If discovery is permitted to proceed before this Court addresses the merits of Defendants' motions to dismiss this case under Rule 12(b)(6) or transfer this case under 28 U.S.C. §1404(a) Defendants must also be permitted to conduct discovery on an expedited basis. Specifically, Plaintiffs should be required to respond to written discovery requests within ten (10) days after they are served, and Denson and the Presidents of Plaintiff Packaging Graphics, and it parent company, MATLET Group, LLC must be compelled to appear for depositions within ten (10) days following Plaintiffs' responses to Defendants' written discovery requests.

## <u>III. CONCLUSION</u>

Plaintiffs request for expedited discovery should be denied because:

1. Discovery is unnecessary as the Verified Complaint is subject to dismissal under Rule 12(b)(6) on its face.

2. Discovery is inappropriate because it will result in a duplication of efforts that will begin shortly in the Ohio litigation.

Alternatively, however, if Plaintiffs are permitted to conduct discovery in this case on an expedited basis, Defendants must also be permitted to conduct expedited discovery.

Respectfully submitted,

Defendants, Rohrer Corp. and John Rohrer
By their attorneys

Daniel K. Kinder (2151)
dkinder@lmkbw.com
George H. Rinaldi (5599)
grinaldi@lmkbw.com
**LITTLE MEDEIROS KINDER BULMAN & WHITNEY PC**
72 Pine Street
Providence, R.I. 02903
Telephone: (401) 272-8080
Fax: (401) 272-8195

Thomas J. Wiencek
(Motion for admission pro-hac vice to be filed)
twiencek@brouse.com
Hans A. Nilges
(Motion for admission pro-hac vice to be filed)
hnilges@brouse.com
**BROUSE McDOWELL**
388 South Main Street, Suite 500
Akron, Ohio 44311-4407
Ph: (330) 535-5711
Fax: (330) 253-8601

Dated: May 23, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2006, a copy of the foregoing was sent via regular mail, postage prepaid to the following:

Charles S. Beal, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, R.I. 02903

Daniel K. Kinder

646390.1