UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PACKAGING GRAPHICS, LLC and JOHN A. DENSON, Plaintiffs, | : | |
| v. | : | C.A. No. 06-230ML |
| ROHRER CORPORATION and JOHN P. ROHRER, Defendants. | : | |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION TO CHANGE VENUE UNDER 28 U.S.C. § 1404(a)**

Now comes Plaintiffs Packaging Graphics, LLC and John A. Denson ("Plaintiffs") and object to the Motion of Defendants Rohrer Corporation and John P. Rohrer to change venue under 28 U.S.C. § 1404(a). As grounds for their objection, Plaintiffs rely upon the Memorandum of Law filed simultaneously herewith.

PACKAGING GRAPHICS, LLC
and JOHN A. DENSON,

By Their Attorneys,

Charles S. Beal (#5559)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, Rhode Island 02903
Tel. (401) 331-5700
Fax (401) 331-5787

Date: June 8, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of June, 2006, a true copy of the within was hand-delivered to the following:

Daniel K. Kinder, Esq.
George H. Rinaldi, Esq.
Little Medeiros Kinder Bulman & Whitney PC
72 Pine Street
Providence, RI 02903

G:\csb\PackagingGraphics\pldgs\Objectiontochangeofvenue.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PACKAGING GRAPHICS, LLC and JOHN A. DENSON, Plaintiffs, | : | |
| v. | : | C.A. No. 06-230ML |
| ROHRER CORPORATION and JOHN P. ROHRER, Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION TO CHANGE VENUE UNDER 28 U.S.C. § 1404(a)**

Plaintiffs Packaging Graphics, LLC ("Packaging Graphics") and John A. Denson ("Mr. Denson") (collectively, the "Plaintiffs") respectfully submit this Memorandum of Law in support of their Objection to the Motion of Defendants Rohrer Corporation and John P. Rohrer (the "Defendants") to Change Venue under 28 U.S.C. § 1404(a) (the "Motion to Change Venue").

**Preliminary Statement**

Defendants' Motion to transfer this action to the United States District Court for the District of Ohio should be denied, for at least the following reasons: First, transfer to a jurisdiction not personal having jurisdiction over the parties is inappropriate under applicable law;[1] second, Plaintiffs' choice of forum (Rhode Island) in a separate case is also entitled to great deference; third, the convenience of the parties strongly favors the action proceeding within Rhode Island, as all but a small handful of the many potential witnesses (including one already subpoenaed by Defendants) are located in or near Rhode Island; and, finally, the fact that the Ohio case was "first filed" does not militate in favor of transfer, as the parties here have engaged in extensive discovery and this case has proceeded much further along. Accordingly, Defendants

---

[1] As described more fully below, Plaintiffs' Motion to Dismiss the below-described Ohio Litigation is presently *sub judice* with the Federal Court in Ohio.

have not overcome the "strong presumption" in favor of deferring to Plaintiffs' choice of forum, and the Motion should be denied.

## Argument

### I. Transfer to the District of Ohio Would Be Inappropriate

#### A. This Court Should Not Exercise Its Discretion to Transfer this Matter to a Court Lacking Personal Jurisdiction Over the Parties

Within days of being served with the Complaint in Ohio, Plaintiffs (who are the Defendants in the Ohio Action) filed a Motion to Dismiss the Case for lack of personal jurisdiction over either of them. As set out in great detail in the Motion to Dismiss, Plaintiffs base their Motion on the following facts, among others:

- Packaging Graphics has no offices or employees in Ohio and has little or no sales there;
- Packaging Graphics was not even alleged to have had any contacts whatsoever with Ohio;
- John A. Denson sells exclusively in the Northeast portion of the United States, lives in Connecticut and has only twice set foot within Ohio; and
- None of the alleged conduct underlying the Complaint was alleged to have occurred in Ohio.

After hearing preliminary argument on these issues in connection with Rohrer's Motion for a Temporary Restraining Order and Preliminary Injunction, the Federal Court in Ohio invited briefs relating to the jurisdictional issue and has not yet scheduled a hearing on Rohrer's Preliminary Injunction Motion. Packaging Graphics and Mr. Denson's Reply Memorandum in support of their Motion to Dismiss for lack of personal jurisdiction was filed in the United States District Court for the District of Ohio on Wednesday, June 7, 2006.

Accordingly, Plaintiffs respectfully submit that it would be premature and improper to transfer the action to Ohio in deference to an action that is likely to be dismissed for lack of personal jurisdiction.

**II. The Relevant Factors Would Militate Toward Plaintiffs' Action Proceeding Within Rhode Island**

While Defendants ask this Court to defer to the "first filed" action in Ohio, Defendants doe not contend that the defamation and tortious interference claims asserted in this action are mandatory counterclaims in the Ohio Action. Indeed, despite the overlap with regard to certain facts, this case is separate and distinct from that proceeding. Accordingly, Plaintiffs' choice of forum is also entitled to deference, and Defendants simply have not overcome the "strong presumption" in favor of Plaintiffs' choice of forum. *Coady v. Ashcroft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000).

Even if the actions were "identical," as apparently suggested by Defendants -- which they are not -- the factors relevant to such an analysis favor the action staying here in Rhode Island. The law of this Circuit requires a District Court considering transfer pursuant to 28 U.S.C. § 1404(a) to consider the convenience of the parties and witnesses, the availability of documents, the possibility of consolidation and the order in which the District Court obtained jurisdiction. *Id.*

B. The Convenience of the Parties and Witnesses Favors Denial of Defendants' Motion

Plaintiffs' defamation and tortious interference claims stem from a letter sent by Defendants to sixty-six of their customers and Plaintiffs' prospective customers, all located in the northeast portion of the United States, including Rhode Island. Among the central factual issues relating to these claims are: (1) who received this letter; (2) the effect that the false statements

had on Plaintiffs' potential customers, and their opinions of Plaintiff; and (3) what specific sales (also in this area) may have been lost as a result of Defendants' defamatory statements. As to each of these issues, the vast majority of witnesses on these points are found in Rhode Island and the nearby New England states. Indeed, Defendants have already subpoenaed in this action third parties within Rhode Island, and *not* Ohio. In contrast, nearly none of the witnesses in the case (with the exception of the two Defendants) can be found in Ohio or thereabouts. Accordingly, the convenience of the parties and witnesses therefore strongly mitigates in favor of this action proceeding in this Court.

C. The Availability of Documents Also Favors the Action Proceeding In the Court

As described above, all of the defamatory letters were sent to the vicinity of this Court and many hundreds of miles from Ohio. There would be no great burden for Defendants to comply with document requests in this matter. Indeed, they have already been ordered by the Court to do so, by way of Magistrate-Judge Almond's May 24, 2006 Order compelling expedited discovery in this matter. Accordingly, this factor also mitigates in favor of their case proceeding here.

D. The Possibility of Consolidation Also Favors Denial of Defendants' Motion

If consolidation of two actions were appropriate, it would be appropriate to consolidate the two actions in the only jurisdiction with personal jurisdiction over all of the parties. Accordingly, this factor also weighs in favor of the denial of Defendants' Motion.

E. The Fact That the Ohio Action Was Filed First Does Not Favor the Transfer of This Case

While the Complaint in the Ohio Action was filed first, it is Plaintiffs' vehement contention that the Rhode Island action is the first and only one of the two pending Federal Court cases in which the Court has jurisdiction over all of the parties. Indeed, despite having brought

an immediate Motion to Dismiss this case, Defendants did not even contest that this Court has personal jurisdiction in this matter over each of Defendants. It is respectfully submitted, therefore, that there are important policy reason why the "first filed" prong of the test should be given lessened emphasis, such as in a circumstance -- like here -- where only one of the Courts involved has jurisdiction over all of the parties.

Further, the "first filed" factor should also be given less weight when the latter filed case has proceeded further and is, in fact, substantially underway. In this case, Magistrate-Judge Almond ordered expedited discovery on May 24, 2006. Defendants' discovery is due on June 9, 2006. Defendants have also invoked the jurisdiction of this court by serving extensive discovery of their own, including two document Requests, two sets of Interrogatories, and subpoenaing Rhode Island (not Ohio) third parties -- all within *this* action. Depositions have already been scheduled in this matter beginning on June 14, 2006.

In contrast, no discovery has yet taken place in Ohio, and the Court has deferred discovery until after the Motion to Dismiss for lack of personal jurisdiction is decided. Accordingly, under these unusual circumstances, the fact that the Ohio Federal Court action was first filed should not militate in favor of the action being transferred to Ohio.

## III. Conclusion

For all of the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order denying Defendants Motion to Transfer the Case to the United States District Court for the District of Ohio and grant such further relief as the Court deems just and appropriate.

PACKAGING GRAPHICS, LLC
and JOHN A. DENSON,

By Their Attorneys,

Charles S. Beal (#5559)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, Rhode Island 02903
Tel. (401) 331-5700
Fax (401) 331-5787

Date: June 8, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June, 2006, a true copy of the within was hand-delivered to the following:

Daniel K. Kinder, Esq.
George H. Rinaldi, Esq.
Little Medeiros Kinder Bulman & Whitney PC
72 Pine Street
Providence, RI 02903

G:\csb\PackagingGraphics\pldgs\Memorandum of Law re Change of Venue.doc