**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **PACKAGING GRAPHICS LLC, and** | ) | |
| **JOHN A. DENSON** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO: 06-230-ML** |
| | ) | |
| **ROHRER CORPORATION, AND** | ) | |
| **JOHN P. ROHRER** | ) | |
| **Defendants** | | |

**DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION TO CHANGE VENUE UNDER 28 U.S.C. § 1404(a)**

## I. INTRODUCTION

Transfer to the United States District Court for the Northern District of Ohio is proper as the issues in this case are identical to those first pending in Ohio. In fact, one of the issues present here requires an interpretation of the Ohio court's order. That, along with key witnesses and evidence found in Ohio, demonstrates that transfer and consolidation can prevent repeated efforts by the federal courts and the inconvenience of witnesses. Plaintiffs' self-serving conclusions on the issue of personal jurisdiction are not factual or binding on this or any court, and should not deter this Court's consideration of transfer. The Northern District of Ohio will determine the issue of personal jurisdiction and should do the same with other issues that have made an appearance in both the Ohio and Rhode Island litgations. Accordingly, this Court should transfer this action to the United States District Court for the Northern District of Ohio.

## II. STATEMENT OF FACTS

On March 31, 2006, Defendant Rohrer Corporation ("Rohrer") sued John Denson ("Denson") and Packaging Graphics LLC ("Packaging Graphics") in an Ohio state court. In its Complaint, Rohrer asserted that: (1) Denson breached restrictive covenants contained in his

employment agreement; (2) Denson and Packaging Graphics misappropriated Rohrer's confidential and trade secret information; and (3) Denson and Packaging Graphics tortiously interfered with Rohrer's business relations. At issue in that case, among other things, is whether Denson breached his employment agreement and the scope of the covenant in that agreement. That action was removed to federal court where the Northern District Court of Ohio issued a temporary restraining order. This Ohio litigation is still pending.

Two months after Rohrer filed suit, the Plaintiffs instituted the instant action, alleging that the Defendants sent a letter to its own customers that defamed the Plaintiffs and tortiously interfered with the Plaintiffs' business. In that letter, the Defendants incorporated the Ohio court's temporary restraining order, and further discussed the scope of that order. Plaintiffs' claims are based solely on the alleged false statements contained in letter regarding Denson's breach of contract, the scope of the restrictive covenant contained in Denson's employment agreement, and the scope of the Ohio court's order.

## III. <u>LAW AND ARGUMENT</u>

28 U.S.C. § 1404(a) allows a court to transfer a civil action in circumstances such as those present here. Judicial economy, where the first action was filed, and the convenience of witnesses demonstrate that transfer and consolidation in the Northern District of Ohio is proper.

First, the interests of judicial economy weigh in favor of transfer and consolidation. Absent consolidation, two courts will interpret whether Denson breached his employment agreement, the scope of his restrictive covenant, and the restraints imposed by the Ohio court's order. Such duplicative actions will expend far more judicial time and effort than is necessary to resolve these identical issues. Further, and more importantly, the Ohio District Court, as the author, should have the opportunity to interpret its own order.

Second, the first action was filed in Ohio. In this circuit, the first filed action is given deference when considering transfer and it is undisputed that the first action was filed in Ohio. *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000).

Finally, transfer will be more convenient for key witnesses. John Rohrer is the author of the alleged defamatory letter and he resides in Ohio. Also, John Rohrer and other Rohrer employees in Ohio can provide clear insight into the interpretation of covenant found in Denson's employment agreement. At best, two witnesses reside in Rhode Island. Packaging Graphics, who is not a party to the employment agreement, cannot provide any relevant insight into the scope of Denson's contractual restrictions. The other Rhode Island witness can only provide testimony of whether they received a letter from the Defendants, which can be easily be accomplished through other witnesses and evidence found in Ohio. No other witnesses, including Denson, reside in Rhode Island.

In the face of these arguments, Plaintiffs rely primarily on their assertion that Ohio is without personal jurisdiction. However, this is not their determination to make, regardless of how "vehement" their contentions may be. The Defendants too are vehement that Denson's 20 year employment with an Ohio corporation and Plaintiffs' tortious interference directing harm in Ohio confers personal jurisdiction. But, as Plaintiffs concede, this issue will instead be determined by the Northern District of Ohio. The Defendants invite this Court to come to its own conclusion and not accept as fact Plaintiffs' conclusory opinion on personal jurisdiction. *See* Affidavit of Joann Rohrer, attached as Exhibit A.

Although much of Plaintiffs' argument is based upon personal jurisdiction, they briefly address the issue of the convenience of witnesses and the availability of documents. But in doing so, they attempt to mislead this Court by overstating facts and shaping others to support

their claims. For example, at several points in their argument, the Plaintiffs state that Defendants have subpoenaed third "parties" within Rhode Island. (Plaintiff's Memorandum in Support, at 4, 5). What Plaintiffs neglect to mention is that Defendants have served only one subpoena on one third party: Packaging Graphics' parent corporation, The MATLET Group, LLC.

Plaintiffs also state that all of the letters in question "were sent to the vicinity of this Court and many hundreds of miles from Ohio." (*Id.* at 4). The truth, however, is that one letter was sent was sent to Rhode Island. The remaining letters alluded to by Plaintiffs were sent many hundreds of miles from Rhode Island as well.

The Plaintiffs' final distortion occurs when they state that the "vast majority" of witnesses are found in Rhode Island and the New England states. (*Id.*). As stated above, two witnesses at most reside in Rhode Island. As for the one Rhode Island witness other than Packaging Graphics, and other possible witnesses that reside outside of Rhode Island, their testimony would be limited to whether they received the letter in question. This information can be gleaned from other witnesses and evidence found in Ohio.

## IV. CONCLUSION

The issues raised in this litigation first arose in Ohio federal court. Duplicative efforts on these issues will not serve the interests of judicial economy and will instead inconvenience key witnesses in this case. For purposes of this litigation, Rhode Island has possibly two witnesses, which includes the Plaintiff Packaging Graphics. All other witnesses, including Denson and the Defendants, reside outside this state. The Northern District of Ohio should decide these issues not only because they first took place there, but also because one of the primary issues involves interpreting its own order. Accordingly, this case should be transferred to the United States District Court for the Northern District of Ohio, Eastern Division.

Respectfully submitted,

Defendants, Rohrer Corp. and John Rohrer
By their attorneys

Daniel K. Kinder (2151)
dkinder@lmkbw.com
George H. Rinaldi (5599)
grinaldi@lmkbw.com
**LITTLE MEDEIROS KINDER BULMAN & WHITNEY PC**
72 Pine Street
Providence, R.I. 02903
Telephone: (401) 272-8080
Fax: (401) 272-8195

Thomas J. Wiencek
(Motion for admission pro-hac vice pending)
twiencek@brouse.com
Hans A. Nilges
(Motion for admission pro-hac vice pending)
hnilges@brouse.com
**BROUSE McDOWELL**
388 South Main Street, Suite 500
Akron, Ohio 44311-4407
Ph: (330) 535-5711
Fax: (330) 253-8601

Date: June 12, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2006, I caused a true and accurate copy of the foregoing to be sent via hand-delivery to the following:

Charles S. Beal
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, R.I. 02903