**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **PACKAGING GRAPHICS LLC, and JOHN A. DENSON** Plaintiffs, | ) | |
| v. | ) | **CASE NO: 06-230-ML** |
| **ROHRER CORPORATION, AND JOHN P. ROHRER** Defendants | ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6)**

## I. INTRODUCTION

Plaintiffs' objection to Defendants' motion to dismiss reflects a misunderstanding of the Defendants' arguments and the law in this Circuit. Plaintiffs' cite only inapplicable state and federal district court cases from outside the First Circuit in support of their argument that Defendants' statements are "of and concerning" Packaging Graphics. The law as expressed by the First Circuit and its District Courts, however, rejects Plaintiffs' arguments. First Circuit precedent likewise rejects Plaintiffs' contention that the opinion-privilege Defendants have asserted can be overcome by a showing of actual malice. The cases cited by the Plaintiffs relate to an entirely unrelated privilege which, although applicable to the facts of this case, has not yet been asserted by the Defendants. Finally, Plaintiffs assertion that dismissal of their tortious interference claims requires an analysis of facts is not disputed. However, because Plaintiffs have attached everything this Court needs to determine whether "improper means" exist here, that factual determination may be made solely from a review of the pleadings. And, because there is no way to construe the letters Defendants sent to their customers (the "Denson Mailing") as defamatory, fraudulent misrepresentations, or otherwise improper in any other manner, Plaintiffs' tortious interference claims must be dismissed.

## II. REPLY ARGUMENTS

**A.** ***The First Circuit and its District Courts Reject Plaintiffs' Assertion that Defendants' Statements are "Of and Concerning" Packaging Graphics.*** Plaintiffs argument that the Denson Mailing is "of and concerning" Packaging Graphics because it may be harmed by the statements contained therein, has been rejected by the First Circuit and its District Courts. As the First Circuit has recognized, the traditional rule is that only the person actually defamed, and not those that are merely derivatively harmed, may bring a defamation lawsuit:

> Traditionally, the "of and concerning" requirement has been shorthand for a common law rule that a plaintiff in a defamation case must show that the statement referred to the plaintiff, either explicitly or by implication. Conceivably, defamation of one person could cause harm to another person who was not defamed; for example, a wife might suffer emotional distress because her husband was libeled. But, at common law only the defamed person could sue.

*Emerito Estrada Rivera-Isuzu de P.R., Inc. v. Consumers Union of United States*, 233 F.3d 24, 26 (1st Cir. 2000). Further, although the First Circuit has acknowledged that this rule has been modified to permit derivative defamation claims by family members, it has rejected such claims in the commercial context. *Id.* at 29 ("We are unwilling to treat *Rodriguez* as an open-ended endorsement of third-party libel actions outside the family context. In a commercial context, an almost unlimited number of plaintiffs could potentially be injured by defamation of a manufacturer....As a matter of policy, the law is slow to impose liability in favor of persons who were not directly injured by a wrong but suffer only derivatively or secondarily.") Accordingly, it found an allegedly defamatory article discussing the quality of an automobile manufacturer's vehicles could not be "of and concerning" a car-dealer as a matter of law, even though it also negatively impacted the car-dealer's sales of those same vehicles. *Id.* Other courts within the First Circuit have followed suit. *See, e.g.*, *Church of Scientology of California v. Flynn*, 578 F.Supp. 266, 268 (D. Mass 1984)(granting Rule 12(b)(6) motion to dismiss where plaintiff non-

profit corporation did not aver any specific defamatory accusation by defendant of wrong-doing on corporation's part and, instead, only accused corporation's members of wrong-doing); *Gilbert Shoe Co. v. Rumpf Pub. Co.*, 112 F. Supp. 228 (D. Mass. 1953)(granting Rule 12(b)(6) motion to dismiss defamation action filed by shareholder of defamed corporation, even though the shareholder was personally damaged, where alleged defamatory statements related only to corporation's actions.)

Here, the allegedly defamatory Denson Mailing only mentioned Packaging Graphics once. And, although it asserts certain opinion statements regarding Denson and his business practices, it never states or implies that Packaging Graphics was in any way complicit in or otherwise encouraged this behavior. Instead, Packaging Graphics is simply identified as Denson's current employer. The fact that Packaging Graphics may be damaged by the Defendants' statements about Denson is irrelevant. *See*, *Emerito*, 233 F.3d at 26; *Flynn*, 578 F.Supp. at 268; *Gilbert Shoe Co.*, 112 F. Supp. 229. Because the statements were not regarding Packaging Graphics itself or its business practices, Packaging Graphics' defamation claim must be dismissed. *Id.*

***B. Proof of Actual Malice Cannot Overcome the Opinion Privilege Asserted by Defendants.*** Defendants' have asserted that the statements they made in the Denson Mailing are **absolutely privileged** because they are opinions and Defendants have disclosed the source of those opinions, which are various public records. *Cullen v. Auclair*, 809 A.2d 1107, 1110 (R.I. 2002); *Beattie v. Fleet National Bank*, 746 A.2d 717 (R.I. 2000). Plaintiffs, however, assert that this privilege may be overcome through a showing of actual malice. This argument is misplaced and demonstrates a complete misunderstanding of the law and the nature of Defendants'

argument. The Rhode Island Supreme Court has repeatedly held that the First Amendment prevents opinions that are based upon disclosed facts from being actionable as a matter of law:

> [A] statement in the form of an opinion may be defamatory and therefore actionable if and only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion. As a result, if the non-defamatory facts underlying an expressed derogatory opinion are publicly known or disclosed, the opinion, justified or unjustified, is privileged as a matter of law.
>
> ***
>
> We have previously ruled that the First Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, protects the expression of opinions that are based upon disclosed, non-defamatory facts and prevents such statements from constituting actionable defamatory communications.

*Beattie*, 746 A.2d at 721 *quoting Healy v. New England Newspapers, Inc.*, 555 A.2d 321, 324 (R.I. 1989) *quoting Belliveau v. Rerick*, 504 A.2d 1360, 1362 (R.I. 1986). In support of their claim that a showing of malice can overcome this privilege, Plaintiffs cite *Gordon v. St. Josephs' Hospital*, 496 A.2d 132 (R.I. 1985).

The privilege asserted in *Gordon*, however, is not the same one relied upon by Defendants in this case. In its only reference to the privilege asserted in that case, the *Gordon* court cites *Ponticelli v. Mine Safety Appliance Co.*, 104 R.I. 549 (R.I. 1968), another case relied upon by the Plaintiffs, which articulated a conditional privilege to make defamatory statements if a person reasonably believes in good faith that there was a moral, legal, or social duty to speak out. *Id.* at 137. Defendants agree that such a privilege can only be overcome by a showing of actual malice, and is likely applicable to this case. *Id.*; *see also*, *Ponticelli*, 104 R.I. at 555-556.

No Rhode Island court has ever held, however, that the opinion-privilege relied on by the Defendants in its motion to dismiss can ever be overcome by a showing of actual malice. Instead, if the facts underlying the statement are disclosed, or are a matter of public record, the privilege is absolute – even if it is unjustified or intentionally dishonest. *Cullen*, 809 A.2d 1107,

1110. This is because the First Amendment forbids the imposition of liability on anyone for merely expressing an opinion:

> Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend on its correction not on the conscience of the judges and juries but on the competition of other ideas.

*Id. citing Belliveau*, 504 A.2d at 1362. Here, the Plaintiffs complain that that they were defamed because Defendants: (1) articulated their opinion that Denson did not fulfill his contractual obligations; and (2) offered their opinion as to the scope of the restrictions imposed upon Denson by the United States District Court for the Northern District of Ohio's order ("Ohio Court Order") and his employment agreement.

The basis for these expressions of opinion (i.e. the Ohio litigation and the claims made therein) was disclosed, however, and is otherwise a matter of public record. (*See*, Denson Letter, attached as Exhibit B to the Verified Complaint). The Defendants even went to the trouble of providing the *actual text* of the Ohio Court Order. They further made it extremely clear to the recipients of the Denson Mailing that Defendants' opinions were expressly disputed by Plaintiffs. (*Id.*)("[T]he parties are currently in litigation about the commercial reality of whether Mr. Denson's restrictions regarding the sale of skin or blister packaging cards logically extends to the sales of plastics products, including blisters, clamshells, and other thermoform products.") Accordingly, even assuming arguendo that Defendants were malicious, unjustified, or even intentionally dishonest in making the statements contained in the Denson Mailing, they were privileged to make them by the First Amendment to the United States Constitution. Plaintiffs can therefore prove no set of facts to establish their defamation claim and it must be dismissed.

**C. *This Court Has All the Facts it Needs to Determine that Defendants Did Not Engage in "Improper Means" to Protect Their Financial Interests.*** Plaintiffs correctly assert that Defendants were privileged to send the Denson Mailing in order to protect their financial

interest, so long as they did not utilize "improper means" in doing so. (Plaintiffs Memorandum in Support of Objection to Motion to Dismiss, at pp. 11-12). Plaintiffs then argue, however, that this Court cannot determine whether "improper means" were used based solely on the pleadings as is required when ruling on a Rule 12(b)(6) motion. Everything that this Court needs to determine whether sending the Denson Mailing constitutes an "improper means" as defined under Rhode Island law, is, however, contained in and attached to the Verified Complaint.

Plaintiffs concede that the sole basis for all their claims, including their tortious interference claims, is the statements contained in the Denson Mailing. (Verified Complaint at ¶¶19-27, 38). Specifically, they assert that the Denson Mailing overstates the scope of both the restrictive covenant contained in the Employment Agreement and the Ohio Court Order. (*Id.* at 20-23). In support of their allegations in the Verified Complaint, Plaintiffs attached a copy of a letter Defendants sent to certain of their customers, which contains the text of the Ohio Court Order, and the Employment Agreement. (Verified Complaint at Exhibits A and B). This Court may consider both of these documents in ruling on this motion to dismiss. *Beddall v. State Street Bank and Trust Co.*, 137 F.3d 12 (1st Cir. 1998). Nothing in these documents, which comprise the only possible factual support for Plaintiffs' allegations, can, as is explained more fully in Defendants' memorandum in support of its motion to dismiss, possibly be considered "improper means". Plaintiffs' tortious interference claims therefore fail as a matter of law.

## III. CONCLUSION

For the foregoing reasons, and the reasons articulated in Defendants' memorandum in support of their motion to dismiss, all of Plaintiffs' claims must be dismissed as a matter of law:

- Defendants' statements in the Denson Mailing merely identified Packaging Graphics as Denson's employer and did not state or imply that its business practices were improper in any manner. Accordingly, Packaging Graphics cannot meet the "of and concerning"

element of its defamation claim, even if they can prove they were harmed by Defendants' statements.

- Defendants' opinion-privilege to make the statements contained in the Denson Mailing cannot be overcome by a showing of actual malice.

- Plaintiffs' have included all of the factual evidence this Court needs to determine that Defendants' conduct does not constitute an "improper means" in their Verified Complaint.

Respectfully submitted,

Defendants, Rohrer Corp. and John Rohrer
By their attorneys

Daniel K. Kinder (2151)
dkinder@lmkbw.com
George H. Rinaldi (5599)
grinaldi@lmkbw.com
**LITTLE MEDEIROS KINDER BULMAN & WHITNEY PC**
72 Pine Street
Providence, R.I. 02903
Telephone: (401) 272-8080
Fax: (401) 272-8195

Thomas J. Wiencek
(Motion for admission pro-hac vice pending)
twiencek@brouse.com
Hans A. Nilges
(Motion for admission pro-hac vice pending)
hnilges@brouse.com
**BROUSE McDOWELL**
388 South Main Street, Suite 500
Akron, Ohio 44311-4407
Ph: (330) 535-5711
Fax: (330) 253-8601

Date: June 16, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2006, I caused a true and accurate copy of the foregoing to be sent via hand-delivery to the following:

Charles S. Beal, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, R.I. 02903